UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Guillermo Aldaco, Jr.,

        Petitioner,

vs.                                 REPORT AND RECOMMENDATION

Warden Scott Fisher,

        Respondent.         Civ. No. 09-3287 (JMR/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The Petitioner, who is a Federal prisoner, has filed a Petition for a Writ of Habeas Corpus pursuant to Title 28 U.S.C. §2241, in which he claims that the Federal Bureau of Prisons ("BOP") has wrongly determined his "custody classification," and as a result, that he has apparently been denied the opportunity to transfer to a less restrictive facility. The matter is presently before the Court for initial review, as prescribed by Rule 4 of the Rules Governing Section 2254 Cases In The United States District Court.[1]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Rules Governing Section 2254 Cases are most directly applicable to Habeas Petitions filed by State

(continued...)

Although the Petitioner is attempting to bring this action under the Federal Habeas Corpus statutes, the relief he is seeking is not available under those statutes. The Federal Habeas Corpus statutes provide a remedy only for prisoners who are challenging **the fact or duration** of their confinement. See, Heck v. Humphrey, 512 U.S. 477, 481 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); Otey v. Hopkins, 5 F.3d 1125, 1130-31 (8th Cir. 1993), cert. denied, 512 U.S. 1246 (1994). As our Court of Appeals has clearly and succinctly explained:

> "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. * * * Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ."

Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996)[citation omitted].

Here, it is readily apparent that the Petitioner is not challenging the validity of his conviction or sentence, nor is he otherwise challenging the duration of his

---

¹(...continued)
prisoners pursuant to Title 28 U.S.C. §2254, but they also may be applied to Habeas cases brought under Title 28 U.S.C. §2241. See, Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts; Mickelson v. United States, 2002 WL 31045849 at *2 (D. Minn., September 10, 2002); Bostic v. Carlson, 884 F.2d 1267, 1270 n. 1 (9th Cir. 1989); Rothstein v. Pavlick, 1990 WL 171789 at *3 (N.D. Ill., November 1, 1990).

confinement. Rather, he is challenging the conditions of his confinement -- namely, the determination of his custody classification, which impacts upon the location where he serves his sentence. Therefore, the remedy provided by the Federal Habeas Corpus statutes is simply not available to him. See, Khaimov v. Crist, 297 F.3d 783, 785-786 (8th Cir. 2002)(holding that challenges to prison mail and segregation must be brought in an action for damages because the petitioner had not alleged that either action illegally extended his period of confinement).

Since the Petitioner's current claim challenges the conditions of his confinement, rather than the fact or duration of his confinement, it is not a claim that can be entertained in an action brought under Title 28 U.S.C. §2241, or any other Habeas Corpus statute. This is not to say, however, that there are no legal remedies of any kind for the type of claim that the Petitioner is attempting to assert. If he believes that his rights under Federal law, or the Constitution, have been violated, he may be entitled to seek relief in a traditional civil action -- i.e., a non-Habeas action. In particular, he might be able to bring a civil rights action under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). See, Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of

confinement * * *[;] [a] civil rights action, in contrast, is the proper method of challenging 'conditions of * * * confinement.'") [citation omitted].  Moreover, under different circumstances, it might even be possible to construe the Petitioner's Habeas Corpus Petition as a civil rights Complaint.  See, e.g., Graham v. Broglin, 922 F.2d 379, 381-82 (7th Cir. 1991).

However, it would be inappropriate to attempt to reform his pleading here for two (2) reasons.  First, the Petitioner has not paid the proper filing fee for a non-Habeas civil action brought by a prisoner.  While the filing fee for a Section 2241 Habeas Petition is only $5.00, the filing fee for a non-Habeas civil action is $350.00. Title 28 U.S.C. § 1914(a).  Furthermore, the filing fee may be waived altogether in a Habeas Corpus proceeding brought by a prisoner, but not in a non-Habeas civil action.[2]  If a prisoner is granted IFP status in a non-Habeas civil action, he will be excused from paying the entire fee in advance, but he will have to pay the full filing fee in installments, as prescribed by Title 28 U.S.C. §1915(b).  See, Ashley v.

---

[2] The Petitioner cannot be excused from paying the $350.00 filing fee merely by calling his pleading a Habeas Corpus Petition; otherwise any prisoner could simply submit his civil rights claims on a Habeas Petition and pay only a $5.00 filing fee, and then wait for the Court to construe his "Petition" to be a civil Complaint.  The $350.00 filing fee prescribed by Congress for non-habeas civil actions cannot be so easily circumvented.

Dilworth, 147 F.3d 715, 716 (8th Cir. 1998)("The purpose of the [Prison Litigation Reform Act] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").

In addition, it is not clear that the Respondent, who is named in the Petitioner's current submissions -- that is, Warden Scott Fisher -- would necessarily be the proper defendant in any non-Habeas civil action that the Petitioner might attempt to maintain. The current Warden at the Petitioner's place of confinement would be the proper respondent if this were a true Habeas case, but someone else might be the proper defendant in any civil rights action that the Petitioner might try to maintain.

Accordingly, it would be inappropriate for the Court, acting sua sponte, to "convert" the Petitioner's current Habeas Petition into a non-Habeas civil Complaint. Instead, the Petition will be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Court.

We further note that we afforded the Petitioner an opportunity to cure those deficiencies, that we had identified in his filing, by filing a civil Complaint, and an in forma pauperis Application. See, Docket No. 3. However, the deadline contained in that Order has since passed, and the Petitioner has not responded to our Order. We

previously advised the Petitioner that, if he failed to satisfy the requirements of our Order, we would deem him to have abandoned his action and would recommend dismissal, pursuant to Rule 41(b), Federal Rules of Civil Procedure. Id. at p. 6 of 8. Accordingly, we recommend that the Petitioner's current Habeas Petition be dismissed for lack of prosecution.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petitioner's current Habeas Corpus Petition [Docket No. 1] be summarily dismissed, without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States Districts Courts, and for failure of prosecution pursuant to Rule 41(b), Federal Rules of Civil Procedure.

Dated: March 3, 2010         *s/Raymond L. Erickson*
                             Raymond L. Erickson
                             CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 17, 2010,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 17, 2010,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.